UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL NO. 12-5-S-GFVT                    *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                    PLAINTIFF

V.            **GOVERNMENT'S STATEMENT OF THE CASE**

MANALAPAN MINING COMPANY, INC.,
JEFFERSON DAVIS and
JOSEPH MINIARD                                              DEFENDANTS

\* \* \* \* \* \* \*

The United States submits the following statement of the case:

In June of 2011, and prior thereto, the MANALAPAN MINING COMPANY, INC., was the operator of an underground coal mine known as the P-1 Coal Mine located in Harlan County, Kentucky. Pursuant to federal law the P-1 Mine was subject to the provisions of the Federal Mine Safety and Health Act of 1977.

JEFFERSON DAVIS was the P-1 Mine Operations Manager and JOSEPH MINIARD was the Superintendent. As such they were agents of the P-1 Mine and subject to the provisions of the Federal Mine Safety and Health Act of 1977.

In May of 2009, MANALAPAN's roof control plan was approved by MSHA's District Manager. The approved plan included conditions regarding the operation of the roof bolting machine known as the Automated Temporary Roof Support system or

ATRS.  Specifically, the plan provided that in the event the ATRS did not firmly set against the roof due to increased mining heights, roof bolting operations were to cease until the ATRS was made fully operational.

The MSHA-approved Manalapan roof control plan for the ATRS was not followed during the last three weeks of the month of June 2011at the P-1 Mine.  The ATRS did not reach the roof, roof bolting operations were not halted and corrected, and miners were allowed to work under unsupported roof.  The ATRS was not made fully operational as required under Manalapan's MSHA-approved roof control plan.  The willful failure of Manalapan to follow the approved roof control plan is an offense against the United States.  Jefferson David and Joseph Miniard, as agents of Manalapan, aided and abetted each other in the commission of this offense in that they knowingly disregarded the requirements of the mandatory safety standard that the approved roof control be followed at all times.  These too are offenses against the United States.

There are mandatory safety standards that require substantially constructed canopies be installed over miners who operate mobile bridge carriers (miner operated movable conveyor belts), and miner operated section scoops to protect the miner operator from roof falls and rib and face rolls.   The willful failure of Manalapan to install substantial constructed canopies is an offense against the United States.  Jefferson David and Joseph Miniard, as agents of Manalapan, aided and abetted each other in the commission of this offense in that they knowingly disregarded the requirement to install substantially constructed canopies over the miners who operated the mobile bridge

carriers and section scoops to protect them from roof falls and rib and face rolls. These too are offenses against the United States.

There are mandatory safety standards that require examinations for hazardous conditions to be conducted in working sections of a mine. The examinations must be made both before and during a working shift. The examiners must be certified to perform the examinations and must be designated by the operator to perform the exams. The examiner must record and certify that the examinations were made, and must include a record of the hazardous conditions found and of their locations. Additionally, the examiner's record must state the action taken to correct any hazardous conditions found. The examiner's record must be countered signed by a mine official by the end of the next regularly scheduled working shift. Importantly, by signing the report, the examiner certifies that "...unsatisfactory conditions and practices [were] observed by me and are listed in this report." Further, the records must be made in a secure book that is not susceptible to alteration, and the record must made available for inspection by MSHA.

As the superintendent of the P-1 Mine, Joseph Miniard countered signed the signature and recordings made by certified examiners for hazardous conditions. Bryant Massingale and Larry Norris certified that "...unsatisfactory conditions and practices [were] observed by them and were listed in the reports" knowing that they failed to include in his examination reports that hazardous conditions existed in that the ATRS failed to reach the mine roof and that protective canopies were not installed over mobile bridge carriers. Joseph Miniard countersigned the examiners reports knowing that the

3

examiners' reports failed to contain any reference to the ATRSs and canopies. These are offenses against the United States.

There is a mandatory safety standard that requires a mining company to correct hazardous rib conditions before it allows miners to work or travel in the affected area. Manalapan willfully failed to correct hazardous rib conditions and allowed miners to work in the affected area. The willful failure of Manalapan, to correct the hazardous rib conditions is an offense against the United States.

          Respectfully submitted,

          KERRY B. HARVEY
          UNITED STATES ATTORNEY

By:   s/Patrick H. Molloy
       Patrick H. Molloy
       Assistant United States Attorney, and
       Special Assistant United States Attorney
       Miguel Dickson
       260 West Vine Street, Suite 300
       Lexington, KY 40507
       (859) 685-4855
       (859) 233-2747 FAX
       Pat.Molloy@usdoj.gov

## CERTIFICATE OF SERVICE

On October 12, 2012, I electronically filed this document through the CM/ECF system, which will send the document and notice of filing to Counsel of Record.

          s/ Patrick H. Molloy
          Assistant United States Attorney