UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> ) <br> MANALAPAN MINING COMPANY, ) <br> INC., ) <br> JEFFERSON DAVIS, and ) <br> JOSEPH MINIARD, ) <br> ) <br> Defendants. ) | Criminal No. 12-05-GFVT <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the United States' Motion in Limine to exclude Defendants from putting forth a "good faith" defense at trial. [R. 87.] This issue is relevant because of the mens rea requirement of "willfully" contained within particular charges of the indictment. [R. 69.] Defendants have responded to the motion. [R. 92.] For the reasons set forth below, the United States' Motion to Exclude Good Faith Defense will be GRANTED IN PART and DENIED IN PART.

I.

This action arises from alleged criminal offenses of the Federal Mine Safety and Health Act of 1977 (MSHA), Pub. L. No. 95-164, 91 Stat. 1290 (as codified at 30 U.S.C. § 801 *et seq.*) committed by Defendants in their respective positions—Manalapan Mining Company, Inc. (Manalapan) as operator of P-1 Coal Mine, Jefferson Davis as Operations Manager of P-1 Mine, and Joseph Miniard as Superintendent of P-1 Mine. Defendants have been indicted on numerous

counts, but the United States' motion only pertains to Counts One, Two, Three, and Thirty-Three,[1] all of which are only brought against Manalapan. For the purposes of this motion, the important shared characteristic among those counts is that they are all premised on 30 U.S.C. § 820(d), which requires a finding that the safety standards were "willfully" violated.

## II.

Willful "is a word of many meanings and its construction is often influenced by its context." *Ratzlaf v. United States*, 510 U.S. 135, 141 (1994) (internal quotation marks omitted) (quoting another source). Because of that reason, defining willfully by reference to cases outside the particular legal sphere at issue must be done cautiously. With regard to the meaning of willful in the MSHA, the Sixth Circuit, in *United States v. Consolidation Coal Company*, 504 F.2d 1330, 1335 (6th Cir. 1974), issued the definitive interpretation: noncompliance with safety standards is willful "if done knowingly and purposely by a coal mine operator who, having a free will or choice, either intentionally disobeys the standard or recklessly disregards its requirements."

In other words, the specific act must have been done voluntarily and intentionally; a willful violation "contemplate[s] an affirmative act either of commission or omission." *Id*. "[T]he careless omission of a duty" is insufficient. *Id*. In addition, the affirmative act must be conducted with intent to violate the safety standard or with reckless disregard for that standard. "Reckless disregard" was not defined in *Consolidation Coal*, but the Fourth Circuit, in a case involving the MSHA, identified the following as a "well-accepted definition": "the closing of the eyes to or deliberate indifference toward the requirements of a mandatory safety standard, which

---

[1] The United States' Motion referenced Count 4 also, but that count has been dismissed upon the United States' motion [R. 107].

standard the defendant should have known and had reason to know at the time of the violation." *United States v. Jones*, 735 F.2d 785, 790 (4th Cir. 1984) (citing the Sixth Circuit's similar phrasing in *United States v. Gullett*, 713 F.2d 1203, 1212 (6th Cir. 1983)). A "bad purpose" or "evil motive" is not required to establish a violation. *Consolidation Coal*, 504 F.2d at 1335.

### III.

In seeking a prohibition on Manalapan utilizing a good faith defense, the United States has defined this defense as one based "on a claim of ignorance of the law or a claim that because of a misunderstanding of the law, [the Defendant] had a good-faith belief he was not violating it." [R. 93 at 2 (alteration in original) (quoting *Cheek v. United States*, 498 U.S. 192, 202 (1993).] When this defense is available to a defendant, it operates as a limited exception to the general rule that "ignorance of the law or a mistake of the law is no defense to criminal prosecution." [*Id.* (quoting *Cheek*, 498 U.S. at 199).] The United States claims support for its argument by reference to criminal tax violations and criminal offenses based on the Occupational Safety and Health Act (OSH Act). The Court finds that neither of those arguments compel the result desired by the United States, and accordingly, Manalapan may assert a good faith defense within the limits outlined below.

### A.

The good faith defense has been permitted in criminal tax law cases. The Supreme Court held that the statutorily prescribed mental state of willful is due special treatment in the tax context because of the complexity of tax laws. *Cheek*, 498 U.S. at 200. The United States transfers that reasoning to this case, claiming that the violations at issue are not complex and thus should not be subject to a good faith defense. [R. 93 at 2-3.]

Two significant problems exist with this line of argument. First, while the Supreme

Court has identified tax law prosecutions as unique cases that are open to a good faith defense, it has not stated that the defense is exclusive to those cases. In fact, the Sixth Circuit Pattern Jury Instructions permit a good faith defense against various fraud offenses, negating the exclusivity claim. *See* Sixth Circuit Pattern Criminal Jury Instructions §§ 6.08, 10.04.

Second, it is problematic for the Court to stratify the complexities of these alleged criminal violations. That is, violations of 30 U.S.C. § 820(d) can be based on numerous regulations. The United States is essentially asking the Court to assign levels of complexity to these mining regulations and prohibit the defense for violations of non-complicated regulations. This asks too much of the Court. Were a court to assume this role, it would be practically legislating, assigning the level of culpability that must be proven for a conviction. For particular regulatory violations the "willful" mens rea would be more akin to "knowing," while for other violations a "willful" violation would more closely align with that definition as used in criminal tax cases. All the while, the congressionally-assigned mental state of "willful" would encompass all violations of § 820(d). These grave concerns necessitate finding that a good faith defense is not precluded on these grounds.

**B.**

The United States describes the OSH Act and the MSHA as statutes with "similarly mandatory safety and health standards," and both statutes require willful behavior to support a violation. [R. 87 at 5-6 (including cited cases).] Although the good faith defense has not been litigated with regard to the MSHA, the United States claims that is has been disallowed in OSH Act cases "when good faith was asserted as a reason for not meeting the standard or for ignoring the standard." [R. 87 at 5.] To the extent that the United States seeks to bar a defense of "we tried really hard to comply but were unsuccessful" or "we would have complied but an

unapproved, alternate solution seemed just as good," the Court agrees with the United States' position. Neither of those defenses would negate any of the required elements of Counts One, Two, Three, and Thirty-Three and are prohibited for similar reasons to those stated in *Valdak Corp. v. Occupational Safety and Health Review Comm'n*, 73 F.3d 1466, 1469 (8th Cir. 1996) and *United States v. Ladish Malting Co.*, 135 F.3d 484, 491-92 (7th Cir. 1998). Importantly, however, in neither *Valdak* nor *Ladish Malting* is a good faith defense prohibited, as set out below, and the Court finds that such a defense could be appropriate under certain factual scenarios—scenarios that will only become apparent at trial.

In *Ladish Malting*, an employee was killed by a poorly maintained fire escape platform. *Ladish Malting*, 135 F.3d at 486. Ladish Malting argued on appeal that the jury should have received a good faith defense instruction because Ladish Malting diligently maintained a safe working environment. *Id*. at 491. The appeals court agreed that the trial court made the correct decision, noting that complying with most of the law and/or having a thorough safety program does not indicate lack of knowledge of the facts or the law regarding a particular safety hazard. *See id*. The appellate court continued, however, and explained that a different conclusion might result if the argument that a violation was not willful was "based on a nonfrivolous interpretation of OSHA's regulations." *Id*.

In *Valdak*, the corporation was in the business of operating a car wash. The car wash had a dryer containing a safety mechanism that prevented the dryer door from being opened while the dryer was still spinning. *Id*. at 1468. Apparently that safety device worked intermittently, and instead of fixing it, Valdak posted a sign warning of the danger posed by the dryer and advising how to avoid a mishap. *Id*. This arrangement did not conform to the requirements of the OSH Act, an accident occurred, and Valdak was charged with willfully violating the OSH

5

Act. *Id*. In its defense, Valdak argued that it was ignorant of the OSH Act standard—i.e., it acted in good faith. *Id*. at 1469. The court found that Valdak was not ignorant of the statutory requirement; Valdak simply decided it would fashion its own solution. *Id*. Such a decision did not indicate lack of intentionality or an absence of awareness of the safety violation, and accordingly, it did not constitute a good faith defense.

### C.

Stated most simply, for Manalapan to be found guilty, it must be proven that Manalapan had both information about the facts and awareness of the specific law or regulation at issue. The United States is correct that Manalapan can introduce evidence that it was unaware of the safety hazards that caused this accident; that is, Manalapan can demonstrate it lacked factual information. [*See* R. 93 at 4 n.5.] But Manalapan is also permitted to defend against these charges by arguing it was ignorant of the law or interpreted the law in a nonfrivolous manner that justified the decision(s) it made. The United States counters that proposition by explaining that the standards at issue here are so clear misinterpretation is implausible. [R. 93 at 3.] Perhaps the standards are that clear, in which case a nonfrivolous interpretation will not be possible. But making such a decision at this stage of the litigation would deprive Manalapan of a defense that it should have available.[2]

### IV.

Accordingly, and for the reasons set forth above, it is hereby **ORDERED** that the United States' Motion [R. 87] is **GRANTED** to the extent that Manalapan is prohibited from defending against these charges on the ground that although compliance was not achieved, sincere efforts

---

[2] As this order is demarcating the boundaries of this trial, it should be noted that availability and use of a good faith defense is not determinative that a jury instruction on good faith will be warranted or forthcoming.

were made toward that end.  The United States' Motion is **DENIED** to the extent that Manalapan is permitted to present a defense of ignorance or mistake of law—a good faith defense.

This 19th day of October, 2012.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge